**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

EARL BRANTLEY,

                        Plaintiff,

    - v -                                        Civ. No. 9:12-CV-1051
                                                           (NAM/RFT)

JOSEPH BELLNIER, *Superintendent of Marcy Correctional Facility*; B. HILTON, *Deputy Superintendent for Office of Mental Health*; DR. K. VADLAMUDI; *Marcy Correctional Facility Health Services Director*; SANDRA MARTIN-KARAS, *Nurse Administrator of Marcy Correctional Facility*; JANE DOE #1, aka KAREN, *Regional Health Services Director for New York State Department of Corrections and Community Supervision*,

                        Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

EARL BRANTLEY
*Pro se* Plaintiff
*Last Known Address:*
09-A-2742
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. ERIC T. SCHNEIDERMAN          JUSTIN L. ENGEL, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

Plaintiff Earl Brantley, while incarcerated at Marcy Correctional Facility, filed this *pro se* civil rights action in May 2012, pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights. *See generally* Dkt. No. 1, Compl. On September 15, 2014, the undersigned issued an Order directing Plaintiff to provide the Court and opposing counsel with his current address within thirty days. Dkt. No. 33. However, despite the Court's directive and Defendants' September 2014 pending Motion for Summary Judgment, the Court has not received any correspondence or communications from Plaintiff since January 8, 2013.

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address

> changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany Cnty. Corr. Facility Staff*, 1996 WL 172699.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).[1] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2)

---

[1] It is well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

As previously mentioned, we have not received any correspondence or communication from the Plaintiff since January 8, 2013, and we have no means by which to communicate with him. Plaintiff's failure to provide an updated address and make any inquiry as to this action for over two years evinces his apparent abandonment of this case and intent to not prosecute this action. Moreover, Plaintiff was advised by the Honorable Norman A. Mordue, Senior United States District Judge, of his obligation to keep the Court and all parties informed of any change in his address on October 4, 2012, in a Decision and Order (Dkt. No. 5), and again directed to do so on September 15, 2014, by the undersigned. In addition, both Orders plainly advised Plaintiff, in bold letters, that failure to comply with his obligation may

result in the dismissal of this action. Dkt. Nos. 5 & 33. Any further warnings to Plaintiff would be futile as we have no way of contacting him.

The Court also finds that Defendants are likely to be prejudiced by further delay in the proceedings. On September 12, 2014, Defendants filed a Motion for Summary Judgment, which has been pending for approximately six months without any response from the Plaintiff and without resolution. Dkt. No. 30. With regard to the fourth factor, the need to alleviate congestions on the Court's docket outweighs Plaintiff's right to receive yet another chance to be heard in this case and weighs in favor of dismissing this action.

Lastly, the Court has considered sanctions less drastic than dismissal. But, without the ability to communicate with Plaintiff, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful since he has failed to do so for over two years. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record, and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, we recommend that this action be

dismissed.[2]

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this action be **dismissed with prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: April 1, 2015
Albany, New York

*[signature]*
Randolph F. Treece
U.S. Magistrate Judge

---

[2] Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).